## Widman v. Melan

*Richard J. Confair*, for plaintiffs.
*John J. Aponick Jr.*, and *Harry V. Cardoni*, for defendant.

BROMINSKI, *J.*, December 30, 1987 — This matter comes before the court upon defendant's request to have William Widman, Irene Widman, and Mildred Widman examined by an orthopedic specialist pursuant to Pa.R.C.P. 4010.

Plaintiffs do no object to such an examination, but suggest that because plaintiffs' counsel has suc-

cessfully prosecuted malpractice against said orthopedic specialist he would not be objective. This also applies to another orthopedic specialist mentioned in the testimony.

The case of *DeLuca v. City Stores,* 69 D.&C.2d 486 (19  ), aids us in that it states at 488:

"Here again, the remedy for plaintiff is to seek to impeach the doctor's testimony if grounds for so doing are thought to exist. In addition, where there has been no showing of prior contact between the doctor and this plaintiff or her counsel, there are no grounds for assuming that anything untoward will occur or that plaintiff cannot be adequately protected against that eventuality by the presence of her lawyer or a physician of her choosing at the time of the examination."

Here there has been contact between plaintiffs' counsel. If we allowed this examination, one way to impeach the doctor's credibility at trial would be to introduce, presumably before a jury, that plaintiffs' lawyer successfully prosecuted the doctor in one or more malpractice cases. This would be awkward; and despite any court's instruction, it might inject an issue, aside from the main issue of the case, that the jury should not consider.

Under these circumstances, we deem it best to grant plaintiffs' motion.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that William Widman, Irene Widman and Mildred Widman be examined by an orthopedic specialist other than the doctors mentioned in the testimony, forthwith.